MURRAY v. GRAHAM and others, 22 Wend. 559.

In Ch. 6 Paige, 622.

*Assessment for opening Streets, where Vendor has bounded the Lots sold on one of the Public Streets not yet opened ; Jurisdiction of Chancery to relieve against improper Assessments, where Party did not oppose Confirmation.*

THE bill in this case was filed by the complainant to be relieved from an assessment upon his property for the expense of opening Twelfth Street in the city of New York. The defendant Graham was formerly the owner of the lots, and in the deeds conveying them to the complainant Murray, reference was made to that street, not yet opened, and the lots described in the deeds as fronting on it. The corporation of New York, who were also defendants to the bill, proceeded shortly after the purchase to open the street; and the commissioners allowed to Graham's trustee, the full value of the land taken for it, and the amount thus allowed to Graham, was assessed against Murray, as a benefit accruing to his lots by the improvement. The complainant objected before the commissioners, but suffered the report to be confirmed by the Supreme Court without appearing to oppose. The amount of the assessment was then paid to Graham's trustee. The cause came before

The Vice Chancellor of the first circuit, who decreed that the legal title to the land covered by the street, was held by Graham subject to the right of the complainant to have it opened and kept open as a public street ; and that his damages for taking the land were merely nominal; and he ordered a reference to ascertain what part of them were allowed to Graham's trustee for the land in front of the lots of complainant, and how much was assessed upon them; reserving all other questions, &c.

From this decree the defendant Graham appealed to the Chancellor, who held as follows :

1. The purchaser's lots being bounded upon one of the

public streets in the city of New York, as laid down upon the commissioners' map and plan of the city, he was not liable to be assessed for the purpose of compensating the vendor for the land taken for the street. But he must insist upon his right of exemption before the commissioners, and if they decide against him, he must oppose the confirmation of their report by the Supreme Court.

2. That where he neglects his remedy in opposing such confirmation, Chancery has no jurisdiction to grant him relief. Such errors of the commissioners upon opening streets in the city of New York, can not be corrected by a collateral suit in Chancery, except in cases where no adequate relief could be had in the mode pointed out by statute. (*Turner* v. *Williams*, 10 Wend. 139.)

The Chancellor accordingly *reversed* the Vice Chancellor's decree, and ordered the bill to be dismissed but without costs as to C. M. Graham, saying, "as he has possession of a large sum of complainant's which he is permitted to retain on technical grounds merely, I shall not charge the complainant with costs in favor of the appellant or his trustee." The costs of the corporation were allowed only, as upon allowance of a demurrer to the bill and no more.

---

This case was taken by appeal, on the part of Murray, to the Court of Errors, and the report of it there, is a mere note in 22 Wend. 559.

The reporter says: "This case will be found 6 Paige, 622. Murray appealed from the decree of the Chancellor reversing the decree of the Vice Chancellor of the first circuit, and this court *reversed* the decree of the Chancellor, and modified that made by the Vice Chancellor. Senator Maynard delivered an opinion for reversal; neither of the judges of the Supreme Court delivered an opinion or voted upon the decision of the case. The vote stood, for reversal 10, for affirmance 7.

---

We have no further report of or information in regard to the grounds of reversal maintained by Senator Maynard, nor of the modifications made by the Court of Errors in the decree of the Vice Chancellor.